# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| LYNN D'AVANZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | No.: |
| | ) | |
| COPPER CELLAR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |

# COMPLAINT

## I. JURISDICTION AND VENUE

1. This is an action authorized under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967. Moreover, this action is also brought for discrimination based on religion, national origin, retaliation, harassment and hostile work environment, all of which were continuing actions. Furthermore, the Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 regarding any and all state claims. All actions relevant to this complaint occurred in Sevier County, Tennessee, therefore jurisdiction and venue are proper in the United States District Court, Eastern District of Tennessee.

## II. NATURE OF PROCEEDING

2. This is a proceeding for, among other things: (a) lost income; (b) back pay; © front pay, (d) liquidated damages; (e) compensatory damages; (f) punitive damages; (g) attorney's fees; (h) suit costs; and (g) any and all further relief to which Plaintiff is entitled.

## III. PARTIES

3. The Plaintiff, Lynn D'Avanzo, is now a citizen and resident of Lake Worth, Palm

Beach County, Florida. At the time of the actions herein alleged, the Plaintiff was a citizen and resident of Sevier County.

4. The Defendant, Copper Cellar Corporation, is a Tennessee corporation that does business in Sevier County, Tennessee.

## IV. ADMINISTRATIVE PREREQUISITES

5. On February 13, 2012, the Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") charging, Copper Cellar Corporation, among other things, with discriminating against her on the basis of religion (Jewish), age, sex, and national origin (Northern), as well as, retaliating against her, harassing her and forcing her to work in a hostile work environment.

6. Plaintiff filed her charge of discrimination within 300 days of the discriminatory employment practices described in this complaint.

7. On October 30, 2012, the EEOC issued a "right to sue" letter, with a three (3) page attachment thereto. (See Exhibit "A").

## V. FACTS

8. Plaintiff was hired by the Defendant in November 2004 in the position of waitress/server.

9. Beginning in fall of 2008, and continuing until her retaliatory discharge on January 10, 2012, Plaintiff was harassed, retaliated against, intimidated and discriminated against based on her religion (Jewish), age, sex, and national origin (Northern) and forced to work in a hostile work environment.

10. Beginning at that time, and continuing until her wrongful termination, Plaintiff was

treated differently than her younger southern female and male counterparts; treated differently than individuals with a different (or no) religion; and treated differently than individuals with a different origin.

11. Beginning at that time, the Defendant, including Plaintiff's supervisor, Denise Dixon, started engaging in policies and practices which willfully, intentionally, and unlawfully discriminated against the Plaintiff based on her religion (Jewish), age, sex, and national origin (Northern). Some examples of these practices and policies include, but are not limited to:

    a. Being yelled at in front of customers;

    b. Being called a "Damn Yankee" by employees, including Bart Smith;

    c. Being refused tables to wait on;

    d. Informing it's employees not to have any interaction with the Plaintiff;

    e. Being asked to attend the Defendant's church which was clearly, not the Plaintiff's faith;

    f. Making derogatory statements to Plaintiff regarding her religion; and

    g. Making derogatory statements toward the Plaintiff regarding her national origin such as, "watch out for her, she's in the mafia".

12. Plaintiff made several complaints to at least three (3) supervisors and also wrote the corporate office of Defendant, however the Defendant did nothing to respond to the Plaintiff's complaints, and in fact, Defendant began retaliating against, and harassing, the Plaintiff.

13. Plaintiff was repeatedly harassed, verbally abused, intimidated, threatened and discriminated against by the Defendant.

14. The Defendant consistently engaged in a pattern of intentional, malicious and/or

3

Case 3:12-cv-00655-TAV-HBG   Document 1   Filed 12/19/12   Page 3 of 12   PageID #: 3

recklessly indifference of harassment and intimidation towards the Plaintiff, including making derogatory remarks and inappropriate behaviors.

15. These actions caused severe humiliation, embarrassment, and emotional harm to the Plaintiff, as well as, created a hostile and intimidating environment which were continuing in nature.

16. Defendant's harassment and discrimination continued to occur until her wrongful and retaliatory termination on January 10, 2012.

17. Plaintiff was a good employee while working for the Defendant, not missing any days; always willing to work; and never created any problems during her employment with Defendant, but was still retaliated against.

18. As a result of Defendant's conduct toward the Plaintiff, she has suffered lost income, lost fringe benefits, lost seniority, lost benefits, has incurred expenses in searching for possible replacement employment and other damages which will be proven in this case.

19. In addition, when I would report illegal and immoral conduct by employees of the Defendant, including violations of company policy, I was further retaliated against and harassed. This conduct, was among other things, as follows:

A. Management humiliating servers and customers;

B. Management turning a blind eye to employees sneaking out back to smoke and then resuming their activities with the stench of smoke;

C. Employees using cellular telephones in their work areas;

D. Use of profanity and words with racial and ethnic overtones;

E. Employees taking extended breaks;

F. Employees eating food without paying for it;

4

G. Employees showing up late for work;

H. Management changing the time clock to cover for a late employee;

I. Employees and Management speaking badly of customers;

J. Management seating customers by favoritism;

K. Employees ignoring customers;

L. Drug use by employees;

M. Health Violations;

N. Insubordination and failing to carry out instructions on job assignments;

O. Off duty employees hanging around work (and not public) areas;

P. Underage drinking and the consumption of alcohol by employees while on-the-clock;;

Q. Employees eating while on duty;

R. Employees failing to wash their hands;

S. Employees watching TV while guests are waiting on service;

T. Not following company policy regarding a part of over eight (8);

## VI. CAUSE OF ACTIONS

### VIOLATION OF TITLE VII AND AGE DISCRIMINATION IN EMPLOYMENT ACT

20. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

21. Plaintiff is a Northern Fifty-Four (54) year old Jewish female.

22. Copper Cellar Corporation is an employer as defined under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

5

23. Plaintiff is an employee as defined under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

24. Copper Cellar Corporation, illegally discriminated against Plaintiff because of her religion (Jewish), age, sex, and national origin (Northern), and among other things, treated her less favorably than other similarly situated southern male and younger female employees.

25. Defendant's discriminatory acts of Plaintiff were intentional, reckless and willful; and in violation of Title VII of the Civil Rights Act of 1964 and Age Discrimination in Employment Act.

26. The Defendant did not implement or have in force at its facility an effective or useful procedure whereby the Plaintiff could report or seek redress for the harassment and intimidation inflicted upon her by the Defendant. Further, the Defendant negligently and recklessly employed, supervised, monitored and retained Denise Dixon as it's employee.

27. The Defendant's actions constitute willful and intentional violations of Title VII, Age Discrimination in Employment Act, discrimination based on religion and national origin, all for which the Defendant is responsible. These violations entitle the Plaintiff to all civil remedies recoverable under Title VII, Age Discrimination in Employment Act, discrimination based on religion and national origin, including without limitation, expert witness fees, attorney's fees and expenses, prejudgment interest, and costs; as well as compensatory and punitive damages. The Defendant is also liable as the employer and principal of it's employees, including Denise Dixon.

**CONTINUING VIOLATIONS**

28. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

29. The Defendant's actions and/or inactions towards the Plaintiff constitute "continuing

6

violations".

30. The Defendant's actions and/or inactions is evidence of present discriminatory activity giving rise to a claim of a continuing violation and/or the Defendant actions and/or inactions demonstrate a longstanding policy of discrimination such as an established and/or repeated pattern of conduct.

31. As just one example, the Defendant has a longstanding and demonstrable policy of tolerating a hostile environment in which the disparate treatment of older female workers took place regularly.

32. As a result of Defendant's "continuing violations", the Plaintiff has suffered lost income, lost fringe benefits, lost seniority, and has incurred expenses in searching for possible replacement employment, as well as, other damages to be proven.

## **HOSTILE WORK ENVIRONMENT**

33. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

34. The Plaintiff was a member of a protected class; she was subjected to unwelcome harassment; the harassment was based on her protected status; the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and the employer is liable.

35. The workplace for which the Plaintiff had to endure of the Defendant was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of her employment and moreover, created an abusive working environment.

36. The actions and/or inactions of the Defendant were so severe and/or pervasive as to

constitute a hostile and/or abusive working environment both to a reasonable person and the Plaintiff, herself.

37. The hostile work environment for which the Plaintiff had to endure involved repeated conduct over a series of days, weeks and/or years; and for which a reasonable worker would not have endured and would find extremely offensive.

38. Although, some of the component acts of the hostile work environment for which the Plaintiff had to endure may have occurred outside any particular statutory time period, several acts contributing to such claims, occurred within any relevant time period.

39. As a result of Defendant creating a "hostile work environment", the Plaintiff has suffered lost income, lost fringe benefits, lost seniority, and has incurred expenses in searching for possible replacement employment, as well as, other damages to be proven.

## RETALIATION

40. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

41. The Plaintiff was retaliated against after making complaints, for among other things, about how she was being treated.

42. The acts for which the Plaintiff complained about were violations of law, practice and/or policy.

43. The Plaintiff was engaged in a protected activity; the exercise of her protected rights were known by the Defendant; the Defendant thereafter took an adverse employment action against the Plaintiff and the Plaintiff was subjected to severe and pervasive retaliatory harassment by a supervisor; and there was a causal connection between the protected activity and the adverse

employment action and harassment.

44. In response to the Plaintiff's complaints, the Defendant retaliated against her by, among other ways, the foregoing allegations in this Complaint, including wrongfully terminated the Plaintiff.

45. A reasonable employee would have found the challenged action materially adverse, and for which, would have dissuaded a reasonable worker from making or supporting a charge of discrimination. In fact, this "dissuasion" is why the Plaintiff waited until she did to pursue her legally entitled rights.

46. The adverse employment action taken by the Defendant against the Plaintiff was so materially adverse as to change the terms and/or conditions of her employment such as her wrongful discharge, a demotion evidenced by a decrease in wage or salary and/or a less distinguished title, a material loss of benefits and/or significantly diminished responsibilities.

47. As a result of Defendant "retaliating" against the Plaintiff, the Plaintiff has suffered lost income, lost fringe benefits, lost seniority, and has incurred expenses in searching for possible replacement employment, as well as, other damages to be proven, including direct economic harm.

**DISPARATE TREATMENT**

48. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

49. The Plaintiff was a member of a protected class; she suffered an adverse employment action; she was qualified for the position; and she was replaced by someone outside the protected class and/or was treated differently from similarly situated employees.

50. The Plaintiff was similarly-situated in all relevant aspects as to the comparable

worker.

51. As a result of Defendant's "disparate treatment" towards the Plaintiff, the Plaintiff has suffered lost income, lost fringe benefits, lost seniority, and has incurred expenses in searching for possible replacement employment, as well as, other damages to be proven.

## HARASSMENT

52. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

53. The Plaintiff was a member of a protected class; she was subjected to unwelcome harassment based on the protected class; such harassment had the effect of unreasonably interfering with Plaintiff's work performance by creating an intimidating, hostile, or offensive work environment, and there exists some basis for liability on the part of the Defendant.

54. The totality of the circumstances in Plaintiff's employment were such that any reasonable person would believe it to be harassment.

55. The Plaintiff was more than qualified for her position by way of her education, experience and demonstration of the required skills. Said another way, the Plaintiff's qualifications were at least equivalent to the minimum objective criteria required for employment by the Defendant.

56. As a result of Defendant's "harassment" of the Plaintiff, the Plaintiff has suffered lost income, lost fringe benefits, lost seniority, and has incurred expenses in searching for possible replacement employment, as well as, other damages to be proven.

## STATE CLAIMS FOR EXTREME AND OUTRAGEOUS CONDUCT, NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING, SUPERVISION, TRAINING, GROSS NEGLIGENCE,

## VIOLATIONS OF COMMON LAW & STATUTORY WHISTLE BLOWER ACT & RETALIATORY AND/OR WRONGFUL DISCHARGE

57. Plaintiff hereby incorporates the foregoing paragraphs of her complaint as if set forth fully herein.

58. The actions and/or inactions of the Defendant were outrageous and utterly intolerable in a civilized society and were done either with the intent to cause emotional distress to the Plaintiff or were done with reckless disregard of the probability of causing emotional distress to the Plaintiff.

59. The Defendant was negligent and grossly negligent in its hiring, supervision and training of its employees and the Plaintiff has been damaged thereby.

60. As a result of the Defendant's actions and/or inactions, the Plaintiff has suffered damages including, but not limited to, mental and physical anguish, embarrassment, humiliation, loss of the enjoyment of life, loss of job and loss of employment benefits.

61. Defendant is liable for the actions of its employees as said actions were done with its knowledge and/or express or implied permission.

**WHEREFORE**, the Plaintiff prays:

1. That the Plaintiff recovers from the Defendant compensatory damages in the amount of Two Hundred Fifty Thousand Dollars **$250,000.00.**

2. That the Plaintiff recovers from the Defendant punitive damages in the amount of One Million Dollars **$1,000,000.00;**

3. That a jury try this action; and

4. That this Court grant such other relief as may be deemed just and proper.

Dated this the 19th day of December, 2012.

*Respectfully submitted,*

**LAW OFFICE OF MICHAEL S. SHIPWASH**

**By:**   s/ Michael S. Shipwash
         **MICHAEL S. SHIPWASH**
         BPR NO: 019173
         8079 Kingston Pike, Suite O
         Knoxville, Tennessee 37919
         (865) 691-4454

## COST BOND

We, the undersigned, here acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. Section 20-12-120 and/or Rules 65.05 of the Tennessee Rules of Civil Procedure.

s/ Lynn D'Avanzo
PRINCIPAL, Lynn D'Avanzo


s/ Michael S. Shipwash
SURETY

Address:   8079 Kingston Pike
           Suite O
           Knoxville, TN  37919
           (865) 691-4454

12