UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LYNN D'AVANZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-655 |
| | ) | (VARLAN/GUYTON) |
| COPPER CELLAR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court several pretrial motions: defendant's Motion to Dismiss [Doc. 4], defendant's Motion to Strike Amended Complaint [Doc. 13], and plaintiff's Motion to Amend Complaint [Doc. 17]. The motions have been fully briefed and are ripe for determination.

On February 18, 2013, defendant filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff then sought, with the consent of defendant's counsel, and received an extension of time until and including April 12, 2013, to file a response to the motion to dismiss [Docs. 7,8]. However, on April 12, 2013, plaintiff filed an amended complaint [Doc. 11] and then a response to the motion to dismiss [Doc. 12]. On April 19, 2013, defendant filed a motion to strike the amended complaint [Doc. 13] with a supporting memorandum [Doc. 14] on the basis that amended complaint was filed more than 21 days after service of the Rule 12(b) motion, without leave of Court, without the defendant's

consent, and contrary to the requirements of Fed. R. Civ. P. 15. Defendant also filed a reply brief in support of the motion to dismiss [Doc. 15].

In response to the motion to strike [Doc. 16], filed April 29, 2013, plaintiff argues that there was an apparent mis-communication between counsel in that, "when the Defendant consented to an extension for Plaintiff to file a response to Defendant's Motion to Dismiss, it was assumed that extension was to file any responsive pleading (including an Amended Complaint) prior to April 12, 2013." Defendant's counsel refused to consent to plaintiff's request to file a motion to amend [*Id.*]. Plaintiff also filed the motion to amend on April 29, 2013 [Doc. 17], arguing that defendant cannot show prejudice sufficient to justify denial of the amendment. Notably, the motion to amend did not include a proposed amended complaint as required by E.D. Tenn. L.R. 15.1, but did refer to the previously filed amended complaint [Doc. 11] as the "proposed amended complaint" [Doc. 17 at pp. 3–4]. Plaintiff contends that the amended complaint contains additional facts, a plausible legal theory of recovery, and clarifies several points germane to the motion to dismiss [*Id*. at p. 4]. Further, plaintiff requests that the amended complaint "relate back to the filing of Plaintiff's Response to Defendant's Motion to Dismiss so as to not file duplicative pleadings" [*Id*.].

In reply in support of the motion to strike [Doc. 18], defendant argues that neither the plaintiff's motion for additional time nor the Court's order allowing time to respond to the motion to dismiss mention the filing of an amended complaint or an extension of time pursuant to Rule 15 for amending a pleading as a matter of right. In response to the motion to amend [Doc. 19], defendant argues that the motion should be denied for failure to comply

with L.R. 15.1 and because the amendment would be prejudicial to the defendant in light of the resources already expended on briefing the motion to dismiss and motion to strike. Defendant also claims that it has initiated discovery based upon the facts and legal theories alleged in the complaint and an amended complaint would require defendant to expend additional and unnecessary resources to revisit its discovery requests. Plaintiff's reply brief in support of the motion to amend [Doc. 20] contends the defendant wants to fight a simple request to amend the complaint and also argues that defendant's response to the motion to amend should not be considered since it was not filed within fourteen days as required by L.R. 7.1.

In short, the plaintiff responded to a motion to dismiss by filing an amended complaint without first obtaining leave of the Court or the defendant's consent. The plaintiff has attempted to correct that by filing a motion to amend, which the defendant opposes. Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend the complaint "once as a matter of course" either within "21 days after serving it," Fed. R. Civ. P. 15(a)(1)(A), or "21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," Fed. R. Civ. P. 15(a)(1)(B). Where the time to amend pleadings as a matter of course has expired, a party may nonetheless amend its pleadings with the opposing party's written consent or by leave of the Court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The plaintiff's amended complaint was filed more than 21 days after the defendant's motion to dismiss and should only have been filed

3

with the defendant's consent or by seeking leave of the Court pursuant to Rule 15(a)(2) and E.D. Tenn. L.R. 15.1.

While the Court acknowledges that the defendant has expended some resources on initial discovery and briefing the above-referenced motions, this case is still in its early stages, with a trial date almost ten months away. The defendant will have sufficient time to conduct discovery, test the sufficiency of and respond to plaintiff's amended claims. Further, the Court presumes, and the defendant does not argue otherwise, that some of the discovery already conducted will be applicable to the amended complaint. Accordingly, the Court declines to find that defendant has suffered sufficient prejudice to deny the motion to amend.

In so ruling, the Court assumes that plaintiff's motion to amend is a request to accept filing of the already-filed amended complaint [Doc.11] and not another, unfiled pleading. Thus, the plaintiff's motion to amend [Doc. 17] is **GRANTED** to the extent that plaintiff has sought leave to file the amended complaint [Doc. 11], previously filed on April 12, 2013. This permission does not extend to the filing of any other pleading. The defendant's motion to strike [Doc. 13] is **DENIED**. In light of these rulings, the defendant's motion to dismiss [Doc. 4] is **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE