UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LYNN D'AVANZO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-655-TAV-HBG |
| | ) | |
| COPPER CELLAR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge.

Now before the Court is a Motion for Attorney's Fees and Expert Witness Fees [Doc. 67], filed by Defendant. The parties have fully briefed this issue, and they appeared before the undersigned on January 7, 2015, to present oral arguments. The Court finds that the Defendant's motion is ripe for adjudication, and for the reasons stated herein, the undersigned **RECOMMENDS** that it be **DENIED**.

**I.    BACKGROUND**

Plaintiff filed her original Complaint on December 19, 2012 [Doc. 1], asserting claims against Defendant for age, sex, religious, and national-origin discrimination, as well as claims related to each protected class for hostile work environment, in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. Plaintiff also alleged retaliation in violation of Title VII and ADEA, as well as asserting various state statutory and common law claims.

In her original Complaint, Plaintiff asserted that Defendant was liable for nine claims under Title VII1, three claims under ADEA, and eight claims under various state law theories [Doc. 1]. On February 18, 2013, Defendant filed a Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that all of Plaintiff's claims under Title VII and ADEA, other than any claims based on the termination of her employment, were procedurally barred and time-barred. [See Doc. 4; Doc. 5]. Defendant also asserted that: the Complaint failed to state a claim for national-origin discrimination because being "northern" is not a protected class under Title VII; the Complaint failed to allege either an adverse employment action; and the Complaint did not allege that Plaintiff's complaints about discrimination constituted protected activity. The Plaintiff objected to the Motion to Dismiss, [Doc. 12], and on April 29, 2013, the Plaintiff filed a Motion to Amend [Doc. 17].

On September 17, 2013, the Court granted Plaintiff's Motion to Amend and denied Defendant's Motion to Dismiss as moot. [Doc. 21]. On October 1, 2013, the Defendant filed its Answer to the Amended Complaint, [Doc. 24], and on December 23, 2013, the Defendant filed its Motion for Summary Judgment. On April 22, 2014, the Court entered summary judgment in favor of Defendant on all of Plaintiff's claims under Title VII and ADEA, dismissed those claims with prejudice, and dismissed Plaintiff's state law claims without prejudice [Doc. 61; Doc. 62].

## II. POSTIONS OF THE PARTIES

Defendant moves the Court to award it the attorney's fees and expert fees incurred in defending against Plaintiff's claims under Title VII. In support of this request, Defendant maintains that it is the prevailing party under Title VII and that Plaintiff's claims under Title VII were frivolous, unreasonable, and without foundation from the beginning of the litigation.

2

Defendant also moves the Court to award the attorney's fees it incurred in defending against Plaintiff's claims under ADEA. The Defendant contends that the claims were brought in bad faith and that Plaintiff continued to prosecute them in bad faith. The Defendant maintains that the attorney's fees and expert witness fees that it seeks to recover are reasonable.

Initially, the Plaintiff only objected to the Defendant's fee request in general terms. The Plaintiff noted that an award of fees against a non-prevailing plaintiff was exceptional relief, reserved for egregious cases, and she maintained that an award of fees and expenses was not appropriate in her case. Plaintiff also asked that the Motion for Attorney's Fees and Expert Fees be held in abeyance.

At the hearing on January 7, 2015, the Court indicated that the request to hold this issue in abeyance would be denied, and the Court gave the Plaintiff an opportunity to file a supplemental brief posing any specific objections Plaintiff had to the fees and expenses requested. Plaintiff filed her supplemental brief on January 20, 2015. Therein, she argued that the Defendant's fee request contains instances of double billing, block billing, and wasteful use of counsel's time. The Defendant filed a final reply on January 22, 2015, arguing that the billing entries were detailed and sufficient and that the time expended was reasonable.

### III. ANALYSIS

The Court will address the Defendant's request for fees and expenses pursuant to Title VII and the Defendant's request for fees and expenses pursuant to the ADEA in turn.

#### A. *Title VII*

Section 706(k) of Title VII authorizes the district court to award reasonable attorney's fees and expert fees to the prevailing party in a Title VII action. 42 U.S.C. § 2000e-5(k);

3

E.E.O.C. v. Peoplemark, Inc., 732 F.3d 584, 590-91 (6th Cir. 2013).  To be a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Granzier v. Middleton, 173 F.3d 568, 577 (6th Cir.1999) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

When the prevailing party in a Title VII action is the defendant, a court may award the defendant its attorneys' fees if the "court finds that [plaintiff's] claim was frivolous, unreasonable, or groundless or that the plaintiff continued to litigate after it clearly became so."  Peoplemark, 732 F.3d at 591 (quoting Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978)).

As the Supreme Court has explained, this standard is imposed, because "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII."  Id. at 422.  Trial courts must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."  Id. at 421-22.

Courts within the Sixth Circuit consider three factors in evaluating such requests, including: "(1) whether plaintiff presented sufficient evidence to establish a prima facie case; (2) whether defendant offered to settle the case; and (3) whether the trial court dismissed the case prior to trial . . . ."  Peoplemark, 732 F.3d at 591 (quoting Balmer v. HCA, Inc., 423 F.3d 606, 615–16 (6th Cir. 2005)).  However, a court's ultimate determination that a claim is not legally sufficient to be presented to a jury does not, alone, merit an award of attorney's fees to a defendant.  See Smith v. Smythe–Cramer Co., 754 F.2d 180, 183 (6th Cir. 1985) ("the mere fact

4

that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless under Christiansburg") (citing Hughes v. Rowe, 449 U.S. 5, 16 (1980)).

In evaluating the Defendant's request, the Court first finds that there appears to be no dispute that the Defendant was the prevailing party in this action. Thus, the Court turns to evaluating whether the Plaintiff's suit was frivolous, unreasonable, or groundless, so as to justify an award of fees and expenses to the Defendant.

With regard to the first factor, the Court finds that the question of whether plaintiff presented sufficient evidence to establish a prima facie case does not weigh in favor of awarding fees. In evaluating the Defendant's Motion to Dismiss, the Chief District Judge could have considered Defendant's arguments in light of the proposed, amended complaint. He elected not to do so, and thus, did not rule that the Plaintiff had failed to present a prima facie case. Moreover, after the initial Motion to Dismiss [Doc. 4] was denied as moot, the Defendant opted to answer the Amended Complaint and later file a Motion for Summary Judgment [Doc. 29] rather than pursuing a ruling that Plaintiff had failed to prove her prima facie case under Rule 12(b)(6). Accordingly, and based upon the record in this case, the Court cannot find that an alleged failure to demonstrate a prima facie case weighs in favor of awarding Defendant fees and expenses.

With regard to the second factor, neither party has indicated that Defendant offered to settle the case or that there were any discussions of settlement. Accordingly, the Court cannot find that the second factor weighs in favor or against awarding Defendant fees and expenses.

With regard to the third factor, the Court finds that, while the Court dismissed this case prior to trial, this fact alone cannot support an award of fees. To award fees under such circumstances would amount to precisely the type of hindsight judgment and burden on plaintiffs

that the Supreme Court warned against in <u>Christiansburg Garment</u>.  At oral arguments, the Defendant urged the Court to find that the disposition of this case was exceptional or different from the numerous other discrimination cases dismissed at the summary judgment stage, but the Court is not convinced.  Simply put, the undersigned finds that the ultimate determination that Plaintiff's claim was not legally sufficient to be presented to a jury does not, alone, support an award of attorney's fees to a Defendant.  <u>See</u> <u>Smith</u>, 754 F.2d at 183.

Based upon the foregoing and the record as a whole, the Court cannot find that Plaintiff's claim "was frivolous, unreasonable, or groundless or that the plaintiff continued to litigate after it clearly became so." <u>Christiansburg Garment</u>, 434 U.S. at 422.  Therefore, the Court finds that the Plaintiff's request for an award of attorney's fees and expenses pursuant to Title VII is not well-taken.

**B.     *ADEA***

Unlike Title VII, awards of reasonable attorneys' fees for a prevailing defendant is not expressly addressed by ADEA.  <u>See</u> 29 U.S.C. § 626(b) (2014). Instead, ADEA incorporates the remedies provision of the Fair Labor Standards Act which allows for an award of attorney's fees to the prevailing plaintiff. 29 U.S.C. § 216(b); 626(b) (2014).  However, in the Sixth Circuit a prevailing defendant in an ADEA case can recover its attorney's fees if the court finds that the plaintiff's suit was maintained in bad faith.  <u>See</u> <u>Morgan v. Union Metal Mfg.</u>, 757 F.2d. 792, 796 (6th Cir. 1985).

The Court has considered the Defendant's request for fees pursuant to ADEA.  However, for the reasons more fully stated above, the Court cannot conclude that the Plaintiff's case was frivolous, and for the same reasons, the Court cannot conclude that the Plaintiff maintained the instant suit in bad faith.  The Court cannot find that the Court's decision to dispose of this case

6

pursuant to an award of summary judgment under Rule 56 of the Federal Rules of Civil Procedure supports an award of fees against the Plaintiff under ADEA

IV. **CONCLUSION**

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the Defendant's Motion for Attorney's Fees and Expert Witness Fees **[Doc. 67]** be **DENIED**.

Respectfully Submitted,

_____
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).