UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LYNN D'AVANZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:12-CV-655-TAV-HBG |
| ) | |
| COPPER CELLAR CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This civil case is before the Court on plaintiff's Rule 59(e) Motion to Alter or Amend Judgment [Doc. 65], to which defendant responded [Doc. 72], and the magistrate judge's Report and Recommendation that the Court deny defendant's requests for attorney and expert fees [Doc. 79]. Defendant filed objections to the Report and Recommendation [Doc. 80], to which plaintiff responded [Doc. 82]. Having carefully considered the record, the arguments of the parties, and the relevant case law, and for the reasons below, the Court will deny plaintiff's motion and accept the Report and Recommendation to the extent stated herein.

I.  **Background**

Plaintiff's claims arose from her employment with and subsequent termination by defendant. Plaintiff's amended complaint [Doc. 11] asserted claims against defendant for age, sex, religious, and national origin discrimination, as well as claims related to each protected class for hostile work environment, in violation of the Age Discrimination in

Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. Plaintiff also alleged retaliation claims in violation of Title VII and the ADEA, as well as various state statutory and common law claims [*Id.* ¶¶ 61–65].

The Court presumes familiarity with the facts of this case as well as the analysis underlying the Court's memorandum opinion and accompanying order [Docs. 62, 63]. Ruling on defendant's motion for summary judgment, the Court dismissed with prejudice all of plaintiff's federal discrimination claims and dismissed without prejudice plaintiff's state-law causes of action [Doc. 63].

## II. Analysis

### A. Plaintiff's Rule 59(e) Motion

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues . . . and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)

2

(noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before); *Beltowski v. Bradshaw*, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

Plaintiff argues that the Court's grant of summary judgment for defendant "was based on clear errors of fact and a mis-application of the standard for summary judgment" [Doc. 65 p. 1]. Having reviewed the record and the Court's memorandum opinion, the Court disagrees.

First, plaintiff claims the Court "ignored and/or otherwise missed pertinent facts which should have precluded the entry of summary judgment" for defendant [Doc. 65-1 p. 2]. The Court, however, conducted a thorough analysis of plaintiff's claims [*See generally* Doc. 62]. And as defendant points out, the record in this case is extensive, and "'[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record'" [Doc. 72 p. 4, 8 (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992))].

Second, plaintiff faults the Court for allegedly not viewing all facts and all inferences to be drawn therefrom in the light most favorable to plaintiff [*See* Doc. 65-1 p. 12]. But having reviewed its memorandum opinion, the Court does not find that it deviated from this mandate. In addition to stating the legal standard at the outset of the opinion, and analyzing consistently therewith, the Court expressly acknowledged its duty

3

Case 3:12-cv-00655-TAV-HBG   Document 83   Filed 03/16/15   Page 3 of 13   PageID #: 3620

(noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before); *Beltowski v. Bradshaw*, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

Plaintiff argues that the Court's grant of summary judgment for defendant "was based on clear errors of fact and a mis-application of the standard for summary judgment" [Doc. 65 p. 1]. Having reviewed the record and the Court's memorandum opinion, the Court disagrees.

First, plaintiff claims the Court "ignored and/or otherwise missed pertinent facts which should have precluded the entry of summary judgment" for defendant [Doc. 65-1 p. 2]. The Court, however, conducted a thorough analysis of plaintiff's claims [*See generally* Doc. 62]. And as defendant points out, the record in this case is extensive, and "'[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record'" [Doc. 72 p. 4, 8 (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992))].

Second, plaintiff faults the Court for allegedly not viewing all facts and all inferences to be drawn therefrom in the light most favorable to plaintiff [*See* Doc. 65-1 p. 12]. But having reviewed its memorandum opinion, the Court does not find that it deviated from this mandate. In addition to stating the legal standard at the outset of the opinion, and analyzing consistently therewith, the Court expressly acknowledged its duty

to so view the facts and inferences at other points in the opinion [*See* Doc. 62 p. 10, 34, 24 n.3].

In addition, having reviewed the record, the Court finds that plaintiff's Rule 59(e) motion raises new arguments that could have previously been made and is essentially an attempt to re-argue the case [*See generally* Doc. 72 p. 5–11; Doc. 65-1]. To the extent plaintiff's motion raises new arguments, those will not be entertained by the Court, as "[i]t is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)). Nor are plaintiff's other arguments well-taken, as "reconsideration motions cannot be used as an opportunity to re-argue a case." *See Bank of Ann Arbor*, 563 F. App'x at 476.

In sum, because plaintiff's alleged errors lack merit and because plaintiff has used her motion to introduce new arguments that could have been presented earlier and to essentially re-argue the case, the Court will deny plaintiff's motion. Plaintiff has not shown that the Court's memorandum opinion contained a clear error of law, that there is newly discovered evidence or has been a change in controlling law, or that the Court's decision must be amended to prevent manifest injustice.

### B. Defendant's Objections to the Report and Recommendation

In plaintiff's original complaint, she asserted nine claims under Title VII, three claims under the ADEA, and eight claims under state law [Doc. 79 p. 2]. Defendant filed

4

a motion to dismiss pursuant to Rule 12(b)(6), asserting that all of plaintiff's claims under Title VII and the ADEA, other than claims based on the termination of her employment, were time-barred [*See* Docs. 4, 5]. Defendant also asserted, among other things, that the complaint failed to state a claim for national origin discrimination because being "Northern" is not a protected class under Title VII [Doc. 5 p. 13]. In response to defendant's motion to dismiss, plaintiff filed an amended complaint and then a motion to amend [Doc. 17]. The Court granted plaintiff's motion to amend and denied defendant's motion to dismiss as moot [Doc. 21].

Defendant answered plaintiff's amended complaint [Doc. 24] and later filed a motion for summary judgment [Doc. 29]. After the Court granted summary judgment in its favor, defendant moved for attorney and expert witness fees [Doc. 67]. United States Magistrate Judge H. Bruce Guyton held a hearing on the motion on January 7, 2015 [Doc. 75], and later issued the Report and Recommendation ("R&R"), recommending that the Court deny defendant's motion [Doc. 79]. Defendant has objected to the R&R [Doc. 80], and plaintiff has responded to the objections [Doc. 82]. For the reasons that follow, the Court will accept the R&R to the extent stated herein and deny defendant's motion for attorney and expert fees.

The Court reviews *de novo* those portions of the R&R to which the defendant has objected. 28 U.S.C. § 636(b)(1). Accordingly, the Court considers the motion for fees, underlying and supporting briefs, evidence, R&R, and objections, all in light of the

applicable law. The Court will address in turn defendant's requests for fees under Title VII and the ADEA.

### 1. Defendant's Request for Fees Under Title VII

In a Title VII action, when a defendant is the prevailing party, as here, a court may award attorney and expert fees if (1) the plaintiff's claim was frivolous, unreasonable, or groundless or (2) the plaintiff continued to litigate after the claim clearly became so. *E.E.O.C. v. Peoplemark, Inc.*, 732 F.3d 584, 591–92 (6th Cir. 2013) (citing *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978)). In imposing this standard, the Supreme Court observed that "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Christiansburg*, 434 U.S. at 422.

As defendant acknowledges, awarding fees to a prevailing defendant "is an extreme sanction" and therefore "must be limited to truly egregious cases of misconduct" [Doc. 68 p. 8–9 (quoting *Lowery v. Jefferson Cnty. Bd. of Educ.*, 586 F.3d 427, 437 (6th Cir. 2009))]; *see also Braun v. Ultimate Jetcharters, Inc.*, No. 5:12CV1635, 2014 WL 546895, at *2 (N.D. Ohio Feb. 10, 2014) (stating that "fee awards to prevailing Title VII defendant-employers are the exception and not the rule"). Among other considerations, courts in the Sixth Circuit have looked to the following factors when evaluating a defendant's request for fees under Title VII: "'(1) whether plaintiff presented sufficient evidence to establish a prima facie case; (2) whether defendant offered to settle the case;

and (3) whether the trial court dismissed the case prior to trial . . . .'" *Peoplemark*, 732 F.3d at 591 (quoting *Balmer v. HCA, Inc.*, 423 F.3d 606, 615–16 (6th Cir. 2005), *overruled on other grounds by Fox v. Vice*, 131 S. Ct. 2205 (2011)).

Here, the magistrate judge found that fees are not warranted [Doc. 79 p. 6]. He reasoned that the first factor does not weigh in defendant's favor because defendant did not pursue dismissal of the amended complaint under Rule 12(b)(6); that the second factor is neutral because there is no indication that defendant offered to settle the case; and that the third factor—dismissal before trial—cannot, without more, support an award of fees [*See id.* at 5–6 (citing *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) ("[T]he mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless under *Christiansburg*."))]. The magistrate judge specifically noted that he was not convinced by defendant's oral argument that "the disposition of this case was exceptional or different from the numerous other discrimination cases dismissed at the summary judgment stage" [*Id.* at 6].

Defendant makes multiple objections to the R&R. First, defendant claims the magistrate judge erred by failing to analyze the second ground for obtaining fees—that is, that plaintiff continued to litigate after a claim or claims "clearly became" frivolous, unreasonable, or groundless [Doc. 80 p. 1–2]. The R&R, however, states the complete legal standard at the outset and also concludes that "the Court cannot find that Plaintiff's claim 'was frivolous, unreasonable, or groundless *or that the plaintiff continued to*

7

*litigate after it clearly became so*'" [Doc. 79 p. 4, 6 (quoting *Christiansburg*, 434 U.S. at 422 (emphasis added))].

Second, defendant claims the R&R wrongly analyzed plaintiff's claims "all together as if they were a single claim" and asserts that the Court must analyze each of Plaintiff's claims to determine whether any were frivolous [Doc. 80 p. 2]. Defendant is correct that the magistrate judge did not conduct a claim-by-claim or some other targeted analysis in the R&R [*See* Doc. 79 p. 5–6]. While a more targeted analysis may be more appropriate, the case law cited by defendant does not appear to mandate a certain method for analyzing cases involving multiple claims. *See Fox*, 131 S. Ct. at 2213–14 ("Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis. In short, litigation is messy, and courts must deal with this untidiness in awarding fees."); *see also Peoplemark*, 732 F.3d at 592 (focusing on whether the claim, not the party's theory of the case, was frivolous).[1]

Third, defendant argues that the R&R improperly "implies that the analysis of Plaintiff's burden to survive a motion to dismiss is the same as the analysis required under the first *Balmer* factor"—that is, whether plaintiff presented sufficient evidence to establish a prima facie case [Doc. 80 p. 2]. The Court agrees but finds that even a proper *de novo* analysis of the extent of the prima facie evidence does not merit an award of fees to defendant. Therefore, even though the first and third *Balmer* factors weigh in

---

[1] The *Fox* decision overruled in part *Balmer v. HCA, Inc.*, 423 F.3d 606 (6th Cir. 2005), which prohibited any award of fees unless all of the plaintiff's claims were frivolous. In *Fox*, the Supreme Court held that "[a] defendant need not show that every claim in a complaint is frivolous to qualify for fees." 131 S. Ct. at 2214.

8

defendant's favor, having reviewed the Court's memorandum opinion and the record, the Court does not find that any of plaintiff's claims, or maintenance thereof, were sufficiently egregious to warrant the imposition of attorney or expert fees. *Cf. Peoplemark*, 732 F.3d at 589, 591–92 (holding that district court did not abuse its discretion in awarding fees to defendant when defendant did not offer to settle, the case was dismissed on the parties' joint motion before the court ruled on defendant's summary judgment motion, and plaintiff Equal Employment Opportunity Commission maintained its claim even though "discovery clearly indicated" that the challenged companywide policy did not exist); *Access Now, Inc. v. Town of Jasper, Tenn.*, No. 1:02-CV-059, 2004 WL 1873734, at *2–5 (E.D. Tenn. Jan. 7, 2004) (awarding fees to defendant when non-profit entity plaintiff "was completely unprepared to meet its burden of showing that there was an injury in fact" and it should have been obvious to an objectively reasonable litigant in the same position as plaintiff that standing was "clearly lack[ing]," since two similar cases of plaintiff were recently dismissed for lack of standing).

The focus of defendant's argument is that almost all of plaintiff's disparate treatment and hostile work environment claims were time-barred from the outset, remained barred after plaintiff amended her complaint, and that plaintiff had notice that they were barred based on defendant's motion to dismiss and plaintiff's deposition [Doc. 68 p. 10–11]. Defendant also highlights that, after plaintiff's deposition, plaintiff should have known that the alleged comments regarding her national origin "had nothing to do with her Hungarian or Czechoslovakian ancestry" and that the other alleged comments

9

were not severe or pervasive enough to support a hostile work environment claim [*Id.* at 11].

As the magistrate judge points out, defendant chose not to renew its motion to dismiss after it was denied as moot based on the amended complaint [*See* Doc. 79 p. 5]. And the Court does not find, based on its treatment of plaintiff's claims in its memorandum opinion and on an independent review of the record, that any of plaintiff's claims were or clearly became frivolous, unreasonable, or groundless [*See, e.g.*, Doc. 62 p. 14–19 (discussing an email by plaintiff within the limitations period that noted she had been skipped in the rotation of serving tables and that it was an "ongoing problem"); *id.* at 24–25 (finding that actions allegedly taken against plaintiff, *e.g.*, other servers were allowed to sit at restaurant bar and watch television, were not evidence of a "continuing violation" that would permit consideration of time-barred comments such as being called a "stupid Jew" because the actions and time-barred comments were not sufficiently similar or related); *id.* at 25–26 (finding that employees calling plaintiff a "damn Yankee" and asking plaintiff to say certain words because of her accent were not made "based on" her Hungarian/Czechoslovakian descent and contrasting a Sixth Circuit case involving an "accent which flowed from [the plaintiff's] national origin"); *id.* at 27–31 (analogizing to *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830 (6th Cir. 1996) and finding that alleged comments that plaintiff was an "old lady" and too old for the job did not create a genuine issue of fact as to her age-based hostile environment claim)].

The Supreme Court has cautioned trial courts to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22; *see also Balmer*, 423 F.3d at 615 ("Courts should not conclude that a claim was groundless just because it was ultimately unsuccessful."). For the reasons discussed, the Court will deny defendant's request for fees under Title VII.[2]

### 2. Defendant's Request for Fees Under the ADEA

Although the ADEA, unlike Title VII, does not specifically provide for the recovery of attorney fees by prevailing defendants, a prevailing defendant in an ADEA case may recover its attorney fees if the plaintiff's suit was brought in bad faith. *See Jones v. Smith-McKenney Co., Inc.*, Civil Action No. 3:05-CV-62-JMH, 2006 WL 1206368, at *2–6 (E.D. Ky. Apr. 28, 2006) (applying the "bad faith exception" to the American Rule[3] when deciding whether to award attorney fees to prevailing defendant for claim brought under the ADEA); *Morgan v. Union Metal Mfg.*, 757 F.2d 792, 796 (6th Cir. 1985) (upholding district court's award of attorney fees to defendant employer

---

[2] The Court also notes that plaintiff retained her counsel on a contingency fee basis [Doc. 71 p. 11 (citing *Taylor v. Consolidated Prods., Inc.*, No. 3:07-CV-421, 2009 WL 3614536, at *3 (E.D. Tenn. Oct. 27, 2009) (stating that a finding of bad faith, frivolousness, or unreasonableness "would be particularly unjust where, as in this case, there are few experienced attorneys in the [Knoxville] area who would take an ADA case for a plaintiff on a contingency fee basis in the first place"))].

[3] "Our legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses. Indeed, this principle is so firmly entrenched that it is known as the 'American Rule.'" *Fox*, 131 S. Ct. at 2213.

"on the common law ground that [plaintiff's age and handicap discrimination] suit had been maintained in bad faith"). In the Sixth Circuit, to award attorney fees under the bad faith exception, a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment. *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010).

Defendant faults the R&R for "summarily conclud[ing] that, because Plaintiff's case was not frivolous, it must not have been maintained in bad faith" [Doc. 80 p. 12]. Specifically, defendant argues that plaintiff's ADEA claims "clearly were brought in bad faith" as plaintiff should have known that the majority of her claims were procedurally-barred or time-barred, that the employee she identified was not similarly situated to her, and that the alleged acts of harassment were not linked to her age [Doc. 68 p. 12–13]. For the reasons stated above and based on an independent review of its memorandum opinion and the record, the Court is not convinced that plaintiff's counsel knew or should have known that the claims were meritless. And even assuming the claims were meritless and that counsel knew or should have known this, the Court finds insufficient indication that the motive for filing the suit was improper and therefore declines to award attorney fees based on bad faith. *See BDT Prods.*, 602 F.3d at 753–54 (holding that the "mere fact that an action is without merit does not amount to bad faith" and the district court must find "something more" present, such as filing the suit to harass or delay or "making improper use of the courts"); *see also Jones*, 2006 WL 1206368, at *5–6

12

(finding no frivolousness or bad faith when plaintiff presented some evidence to support his claim, did not miss any scheduled meetings, and there was no evidence of a settlement offer).

### III. Conclusion

For the reasons stated herein, the Court hereby **DENIES** plaintiff's Motion to Alter or Amend Judgment [Doc. 65], and, upon *de novo* review and having considered defendant's objections, the Court accepts the R&R to the extent stated herein and **DENIES** defendant's motion for attorney and expert fees [Doc. 67].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE