UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LYNN D'AVANZO, )
 )
      Plaintiff, )
 )
v. ) No. 3:12-CV-655-TAV-HBG
 )
COPPER CELLAR CORPORATION, )
 )
      Defendant. )

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge [Doc. 88].

In response to Defendant's Bill of Costs [Doc. 84], Plaintiff filed a document entitled "Plaintiff's Objections to Bill of Cost" [Doc. 86]. The Court finds that the Defendant's motion is ripe for adjudication, and for the reasons stated herein, the undersigned **RECOMMENDS** that it be **GRANTED in part**, and, further, that this issue be held in abeyance by the District Judge during the pendency of the parties' appeals.

**I.    BACKGROUND**

Plaintiff filed her original Complaint on December 19, 2012 [Doc. 1], asserting claims against Defendant for age, sex, religious, and national-origin discrimination, as well as claims related to each protected class for hostile work environment, in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e, *et seq*. Plaintiff also alleged retaliation in violation of Title VII and ADEA, as well as asserting various state statutory and common law claims.

In her original Complaint, Plaintiff asserted that Defendant was liable for nine claims under Title VII, three claims under the ADEA, and eight claims under various state law theories [Doc. 1]. On February 18, 2013, Defendant filed a Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that all of Plaintiff's claims under Title VII and the ADEA, other than any claims based on the termination of her employment, were procedurally barred and time-barred. [See Doc. 4; Doc. 5]. Defendant also asserted that: the Complaint failed to state a claim for national-origin discrimination because being "northern" is not a protected class under Title VII; the Complaint failed to allege an adverse employment action; and the Complaint did not allege that Plaintiff's complaints about discrimination constituted protected activity. The Plaintiff objected to the Motion to Dismiss, [Doc. 12], and on April 29, 2013, the Plaintiff filed a Motion to Amend [Doc. 17].

On September 17, 2013, the Court granted Plaintiff's Motion to Amend and denied Defendant's Motion to Dismiss as moot. [Doc. 21]. On October 1, 2013, the Defendant filed its Answer to the Amended Complaint, [Doc. 24], and on December 23, 2013, the Defendant filed its Motion for Summary Judgment. On April 22, 2014, the Court entered summary judgment in favor of Defendant on all of Plaintiff's claims under Title VII and the ADEA, dismissed those claims with prejudice, and dismissed Plaintiff's state law claims without prejudice [Doc. 61; Doc. 62]. On January 29, 2015, this Court entered an Order [Doc. 78] granting Copper Cellar leave to file an amended Bill of Costs. Pursuant to the Court's Order, Copper Cellar filed its Amended Bill of Costs [Doc. 84], and Plaintiff responded by filing an objection to said document. On April 8, 2015, the Plaintiff filed a Notice of Appeal to the Sixth Circuit Court of

Appeals [Doc. 85], and on April 22, 2015, the Defendant filed a Notice of Cross Appeal [Doc. 89].

## II.   POSTIONS OF THE PARTIES

The Defendant filed its Bill of Costs on March 23, 2015, and on April 10, 2015, the Plaintiff responded with the instant filing. Plaintiff requests that (1) Defendant's request for costs be denied; (2) should the Defendant be granted costs, that it not be awarded the entire amount requested since some of those costs cannot be taxed; (3) should the Defendant be granted its costs (reduced or otherwise), that the Clerk hold the matter in abeyance; and (4) for such further, general and other relief as Plaintiff may be entitled. See, Doc. 86 at 7.

Plaintiff argues that, in the case at bar, the Defendant has submitted a Bill of Costs that does not comply with the guidelines set forth in 28 U.S.C. §§ 1821 and 1920. Specifically, Plaintiff argues that the Defendant's Bill of Costs are deficient as follows:

- Brown & Wingo Court Reporting Invoice dated November 15, 2013 does not state the rate per page, and therefore, Plaintiff claims that the amount of $1,762.30 cannot be taxed. See, Brown & Wingo Court Reporting Invoice dated November 15, 2013.

- Brown & Wingo Court Reporting Invoice dated December 8, 2013 contains charges for expedited transcripts which are not taxable; and for which, increased the charges by $742.90. See, Brown & Wingo Court Reporting Invoice dated December 8, 2013.

- Ginger Truesdel, RPR Invoice dated March 6, 2014 contains charges for per diem, compressed transcript, exhibits, and postage and handling which are not taxable; and for which, increased the charges by $204.65. See, Ginger Truesdel, RPR Invoice dated March 6, 2014.

- In regard to witness fees, Plaintiff alleges Defendant failed to list the place of residence and the manner of travel, therefore, the amount of $110.00 cannot be taxed.

Plaintiff argues that based on their above allegations of deficiencies, the proper amount of costs is not $7, 064.65, but rather $4,244.80.

The Defendant has not responded to Plaintiff's objections to the Bill of Cost.

**III.    ANALYSIS**

It is the policy of the Court to allow certain items of costs and disallow other items. It is the general policy of this Court that only those items set forth in 28 U.S.C. §§ 1821 and 1920 may be taxable as costs under Fed. R. Civ. P. 54(d)(1). <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437 (1987). <u>See also</u>, <u>Sales v. Marshall</u>, 873 F.2d 115, 119 (6th Cir. 1989). Items not set forth in 28 U.S.C. §§ 1821 and 1920 will not be taxed absent specific authorization set forth in another statutory provision or a contract between the parties. It is within the Court's discretion to deny the Defendant's Motion for Costs on the basis of failure to comply with Local Rule 54.1. <u>See</u>, <u>Deal ex rel. v. Hamilton County Dept. of Educ.</u>, No 1:01-cv-295, 2006 U.S. Dist. LEXIS 76324, 2006 WL 2854463, at *22-23 (E.D. Tenn. Aug. 11, 2006).

The Court's general policy on the taxation of items set forth in 28 U.S.C. §§ 1821 and 1920 is as follows:

> (2) *Fees of the Court Reporter.* The fees of a court reporter... may be taxed provided that the transcript was necessarily obtained for use in the case...
>
> \* \* \* \*
>
> (iv) ... Costs of deposition transcripts that do not set forth the number of pages or rate per page will not be taxed.
>
> (v) extra fees charged by reporters for attendance, mileage, per diem, expeditious handling, condensed transcripts, ASCII disk, postage, deposition exhibits, etc., shall not be taxable unless advance authorization was sought and received from the Court.
>
> (4) Witness Fees ... In all civil cases, witness fees will be taxed only upon the certificate of counsel for the prevailing party requesting the same. Said certificate shall contain the following information:
>
> \* \* \* \*

> (2) the place of residence, or the place where subpoenaed, or the place from which the witness voluntarily traveled without a subpoena to attend upon said case;
>
> * * * *
>
> (5) the manner of travel, that is, whether by air, railroad, bus or private automobile.

L.R. 54.1 (a), (b), (c)(2), (c)(4) (emphasis added). This Court finds that based on the foregoing, Defendant's Bill of Costs does not comply entirely with the Local Rules of the Eastern District of Tennessee.

On April 8, 2015, the Plaintiff filed a Notice of Appeal to the Sixth Circuit Court of Appeals and on April 22, 2015, the Defendant filed a Notice of Cross Appeal. L.R. 54.1 states, in pertinent part:

> (g)   *Effect of Post-trial Motions and Appeals...* If a bill of costs is filed in a case under appeal, the Clerk will hold the matter in abeyance pending the appeal unless otherwise ordered by the Court.

Id. (emphasis added).

Based on the Plaintiff's appeal to the Sixth Circuit Court of Appeals, and Defendant's notice of cross appeal, this Court finds that the bill of costs should be held in abeyance.

**CONCLUSION**

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that Plaintiff's Objections to Bill of Cost [Doc. 86] be **GRANTED in part** as follows:

- Defendant's request for costs shall be awarded, but limited to the amount of $4,244.80.

- The Clerk be directed to hold this matter in abeyance pending the Appeal to the Sixth Circuit Court of Appeals.

Respectfully Submitted,

_Bruce Guyton_
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).